UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WATERTON RESIDENTIAL d/b/a
Gwinnett Pointe,

        Plaintiff,

    v.

TAMICA PAYNE,

        Defendant.

CIVIL ACTION NO.

1:22-CV-1235-SEG

## **O R D E R**

This case is before the Court on the Magistrate Judge's Final Report
and Recommendation that this action be remanded to the Magistrate Court
of Gwinnett County, Georgia. [Doc. 3]. The Court notes that no objections
have been filed in response to the Magistrate Judge's Report and
Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of
the Federal Rules of Civil Procedure, the Court has reviewed the Magistrate
Judge's Recommendation for clear error and finds none.

As the Magistrate Judge explains, this Court lacks subject matter
jurisdiction. "Because a federal court is powerless to act beyond its statutory
grant of subject matter jurisdiction, a court must zealously insure that
jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299

(11th Cir. 2001).  The Court has reviewed the notice of removal and finds that it lacks jurisdiction over this matter.  Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The removal of this matter based on federal question jurisdiction under 28 U.S.C. § 1331 is improper because no such issues as raised in the notice of removal exist in the underlying complaint.  Although Payne references the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, in her notice of removal, the underlying complaint arises out of a state dispossessory action and does not reference this federal act.  "[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (alteration in original) (quoting *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). "[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question." *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003).

Dispossessory actions are brought in state courts by landlords seeking to evict tenants who have not paid their rent but remain in the property.  As such, they do not implicate federal law.  The dispossessory action is also not

2

removable based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy requirement of 28 U.S.C. § 1332(a) has not been satisfied.

Because the federal court does not have jurisdiction in this dispossessory matter, it cannot set aside or stay the defendant's eviction. Further, the Court notes that the Anti-Injunction Act prohibits this federal court from enjoining a state court action for eviction. This act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This act serves as "an absolute prohibition against enjoining State Court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). "The three excepted circumstances are (i) the express provisions of another act of Congress authorizing such an order; (ii) necessity in aid of the federal court's jurisdiction; and (iii) the need to protect or effectuate the federal court's judgments." *Std. Microsystems Corp. v. Texas Instruments, Inc.*, 916 F.2d 58, 60 (2d Cir. 1990). The court does not find that any of these exceptions apply in this matter.

For these reasons, the Court ADOPTS the Magistrate Judge's recommendation. [Doc. 3]. This case is REMANDED to the Magistrate Court of Gwinnett County, Georgia.

**SO ORDERED** this 17th day of May, 2022.

SARAH E. GERAGHTY
United States District Judge